# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BENJAMIN DIAZ LOPEZ<br><br>*Plaintiff*<br><br>vs.<br><br>UTC AEROSPACE SYSTEM, CORP.<br><br>*Defendants* | Civil No:<br><br>ACTION FOR:<br><br>**ADA / ADEA**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**TO THIS HONORABLE COURT:**

COMES NOW the Plaintiff, BENJAMIN DIAZ LOPEZ, through the undersigned attorney, and respectfully STATES, PRAYS and ALLEGES as follows:

### INTRODUCTION

1. This is a civil action brought for disability discrimination pursuant the American with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq. ("ADEA"); the Puerto Rico Employment Discrimination Statute, 29 P.R. Laws Ann. §§146 ("Law 100"); the Puerto Rico Law Against Discrimination of Disabled Persons, 1 P.R. Laws Ann. §§ 501 ("Law 44"); and the Puerto Rico Law Against Unjustified Discharge of an Employee, 29 P.R. Laws Ann. §§ 185(a)("Law 80").

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §1331 since this action arises under laws of the United States. Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 U.S.C. §1367. The state claims are so related to the federal claims in this action that they form part of the same case or controversy

1

     under Article III of the United States Constitution as provided under 28 U.S.C. §1367(a).

3.   Venue lies properly in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

## PARTIES

4.   BENJAMIN DIAZ LOPEZ ("Plaintiff") is a natural person, citizen of the United States of America, and resident of the Commonwealth of Puerto Rico. At all pertinent time Plaintiff has resided in Juana Díaz, Puerto Rico.

5.   UTC AEROSPACE SYSTEM, CORP. ("Defendant") is an entity organized under the laws of the State of Connecticut with legal capacity to sue and be sued.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.   Plaintiff began working for the Defendant on or about July 21, 2003, as an Assembler in the Santa Isabel, Puerto Rico plant.

7.   Among Plaintiff's duties as an Assembler were to ensemble parts in a production line for aircraft components. As part of his duties, Plaintiff was required to perform continuous repetitive movement with his hands.

8.   Since November of 2010 Plaintiff was diagnosed with trigger finger in his 4th digit in both hands. As a result of Plaintiff's trigger finger condition, he experienced swelling and severe pain en both hands.

9.   Plaintiff's condition of trigger finger in his 4th digit in both hands substantially limits him from performing major life activities among which are the following: sleeping because of the pain, retain items in his hands, tie his shoes, pull or push items;

carry heavy groceries; open containers with twisting lid; clean the yard; clean the car; and help clean the house.

10. Defendant was informed of Plaintiff's trigger finger condition on April 1, 2014.

11. The trigger finger diagnosis was made by Plaintiff's private doctor as well as by Dr. Janice Aleman Pacheco, a physician employed by Defendant who worked at the Occupational Medical Dispensary at Defendant's Santa Isabel plant.

12. As a result of his condition of trigger finger Plaintiff's doctors including Dr. Aleman made a request for reasonable accommodation that would allow him to work in an area that did not require the use of repetitive movement with his hands or the use of strength.  For many months, however, Defendant ignored the recommendations of Plaintiff's doctor and Dr. Aleman and kept Plaintiff working in the area where he was required to perform continuous repetitive movement with his hands.

13. In March of 2015, approximately, Plaintiff was finally transferred out of his working area.  However, Plaintiff was sent to work in an area that required him to use a set of special pliers that required Plaintiff to apply between 15 to 20 pounds of pressure with his hands in order to properly operate the pliers. This transfer was contrary to Plaintiff's medical recommendation for reasonable accommodation.

14. Despite Plaintiff's repeated requests for medical reasons to be transferred out of the area where he was required to use the special pliers it was not until about 3 weeks latter that such transfer was materialized.  Even then, Plaintiff's reasonable accommodation was to send him back to the original working area where he was again required to make continuous repetitive moves with his hands.

15. Thereafter Defendant never granted Plaintiff his request for reasonable accommodation and kept Plaintiff working in the same are until he was eventually terminated.

16. Plaintiff was terminated on June 9, 2015.

17. In May of 2015, two co-workers Ricardo Ortiz and Rudy Hernandez, both of whom had a history of making derogatory comments to Plaintiff on account of his age, began harassing Plaintiff at his working area calling him "vieja momia" (old mum); viejo pato" (old fagot); "viejo puerco" (old pig); and "boca chula" (chula mouth). This sort of harassing behavior from Ricardo Ortiz and Rudy Hernández towards Plaintiff was not uncommon.

8. At that point Plaintiff, who was 58 years at the time, told his two co-workers, who were about 25 years of age, that he was of adult age and that they needed to respect him.

19. At that point Rudy Hernandez began stating to Plaintiff that he was "viejo chango" (something like an "old sissy") and that Plaintiff did not know how to take a joke. Plaintiff had suffered age based harassment behavior from Rudy Hernandez since 2013.

20. Plaintiff then stated to them that they were worthless who were always looking to target older workers to harass them.

21. About a month later Plaintiff's supervisor, Melery Figueroa, came to Plaintiff's working area and asked him to accompany her to her office. In her office she asked Plaintiff what had happened with Rudy Hernandez and Ricardo Ortiz a month

4

earlier. Plaintiff gave the accounts of what had happened complaining about Rudy Hernandez's and Ricardo Ortiz's age discriminatory behavior.

22. Despite receiving Plaintiff's charge of age based discrimination, Defendant did not carry out any measures to redress Plaintiff's grievance and protect him. Instead, two days later Plaintiff was summoned to Melery Figueroa's office where Plaintiff was told that he would have to be suspended for a week for the incident in May of 2015.

23. Rudy Hernandez was not suspended for the incident which he and Ricardo Ortiz perpetuated against the Plaintiff. Upon information and belief Ricardo Ortiz was suspended at the time.

24. On June 9, 2015, Plaintiff returned to work but was met with a false accusation from the Director of Human Resources, Melanis Garcia, to the effect that Plaintiff had assaulted Ricardo Ortiz. At that point Plaintiff was terminated from his employment.

25. Ricardo Ortiz and Rudy Hernandez were not terminated, even though these employees were the ones who would constantly harassed the Plaintiff on account of his age and did so blatantly in the May of 2015 incident, for which Plaintiff was unjustifiably terminated.

26. At the time of Plaintiff's termination, the common denominator among the two employees involved in the May 2015 incident against Plaintiff was that these were much younger employees than the Plaintiff.

27. Defendant's alleged reason for terminating the Plaintiff was a subterfuge for age discrimination and retaliation as Plaintiff was 58 years of age at the time while

  Ricardo Ortiz and Rudy Hernandez were in their mid twenties and because Plaintiff had made a charge of age base discrimination against these 2 employees.

28. On June 15, 2015, Plaintiff filed an age and disability discrimination charge with the Anti-discrimination Unit.  After exhausting administrative remedies Plaintiff received his right to sue letter on May 31, 2017.

29. Plaintiff's highest salary within the last 3 years of his termination was $24,337 in 2013.

30. As a result of Defendants' aforementioned disability and age discrimination conduct, Plaintiff has suffered and continues to suffer great emotional and financial damages.  Since his dismissal, Plaintiff has been depressed, anguished, and has suffered despair, sadness and hopelessness.

## FIRST CAUSE OF ACTION
### *Reasonable Accommodation ADA*

31. The allegations contained in paragraphs 1 through 30 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

32. Defendant knowingly and purposefully did not make medically reasonable accommodations to the Plaintiff to attend to his disability medical needs.

33. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the American with Disability Act.

34. As a direct and proximate cause of Defendant's aforementioned disability discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

## SECOND CAUSE OF ACTION:
### *Age Discrimination and Retaliation (ADEA)*

35. The allegations contained in paragraphs 1 through 34 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

36. Defendant's alleged reason for terminating the Plaintiff was a subterfuge for age discrimination and retaliation as Plaintiff was 58 years of age at the time while Ricardo Ortiz and Rudy Hernandez were in their mid twenties and because Plaintiff had made a charge of age based discrimination against these 2 employees.

37. At the time of Plaintiff's termination, the common denominator among the two employees involved in the May 2015 incident against Plaintiff was that these were much younger employees than the Plaintiff.

38. Defendant's termination of Plaintiff was based on his age. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the Age Discrimination in Employment Act.

39. As a direct and proximate cause of Defendant's aforementioned age discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, financial damages estimated at over $24,000.00 a year.

## THIRD CAUSE OF ACTION
### *Reasonable Accommodation – Puerto Rico Law 44*

40. The allegations contained in paragraphs 1 through 39 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

41. Defendant knowingly and purposefully did not make medically reasonable accommodations to the Plaintiff to attend to his disability medical needs.

42. Defendant's denial of Plaintiff's request for reasonable accommodation was based on Plaintiff's disability.

43. Defendants' decision was made with malice and with reckless indifference of Plaintiff's state protected rights, and thus, constitutes an unlawful employment conduct pursuant to Puerto Rico Law 44.

44. As a direct and proximate cause of Defendant's aforementioned disability discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

## FOURTH CAUSE OF ACTION
### *Age Discrimination and Retaliation – Puerto Rico Law 100*

45. The allegations contained in paragraphs 1 through 44 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

46. Defendant's aforementioned age discrimination conduct constitutes an unlawful employment conduct pursuant to Puerto Rico Law 100.

47. Defendant's alleged reason for terminating the Plaintiff was a subterfuge for age discrimination and retaliation as Plaintiff was 58 years of age at the time while Ricardo Ortiz and Rudy Hernandez were in their mid twenties and because Plaintiff had made a charge of age based discrimination against these 2 employees.

48. Defendant's termination of Plaintiff was based on his age. Defendants' decision was made with malice and with reckless indifference of Plaintiff's state protected rights, and thus, constitutes an unlawful employment conduct pursuant to Law 100.

49. As a direct and proximate cause of Defendants' aforementioned age discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of

action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

## FIFTH CAUSE OF ACTION:
### *Puerto Rico Law 80*

50. The allegations contained in paragraphs 1 through 49 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

51. Puerto Rico Law 80 of May 30, 1976 establishes an indemnity payment to employees who are discharged from their employment without just cause.

52. Defendant's termination of the Plaintiff constitutes a discharge without just cause.

53. As a direct and proximate cause of Defendants aforementioned conduct, Plaintiff is entitled, in addition to the salaries he would have earned, to an indemnification equal to 3 months plus 2 weeks for each of his 11 years of service pursuant to Puerto Rico Law 80, plus attorney's fees.

54. Plaintiff indemnification pursuant to Law 80 is estimated at $16,380.00 plus $4,095.00 in attorney's fee.

## JURY TRIAL

55. Plaintiff hereby invokes his Seventh Amendment Right to a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment imposing on Defendant the payment of:

   a. Compensation of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) for the first, third and fourth causes of action;

   b. Statutory, liquidated, and punitive damages under ADA, ADEA, Law 100 and

9

Law 44;

c. All loss wages including all fringe benefits Plaintiff would have earned up to the date of trial;

d. The salary wages including all fringe benefits Plaintiff would have earned in addition to an indemnification for the fifth cause of action totaling $16,380.00 plus $4,095.00 in attorney's fee.

e. double compensatory damages pursuant to Law 100 and Law 44;

f. Front pay;

g. Reinstatement;

h. All with interest, attorney fees and the cost of litigation, as well as any other remedy this Honorable Court deems just and proper.

In Juana Díaz, Puerto Rico on the 2nd day of August, 2017.

*S/ALFREDO ACEVEDO CRUZ*
**ALFREDO ACEVEDO CRUZ, ESQ.**
**USDC-PR NUMBER 220705**

**LAW OFFICE OF ALFREDO ACEVEDO CRUZ**
**P.O. BOX 93**
**JUANA DIAZ, PR 00795**

**Tel.: (787) 837-0031**
**Fax: (787) 837-0032**
**e-mail: lcdoacevedo@yahoo.com**

10